IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHENZHENSHI LEIMING SHANGMAOZHONGXIN,<br><br>    Plaintiff,<br><br>v.<br><br>NOVOLUTO GMBH,<br><br>    Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Plaintiff Shenzhenshi Leiming Shangmaozhongxin ("Plaintiff" or "Shenzhenshi") hereby brings this Complaint against Defendant Novoluto GmbH ("Defendant" or "Novoluto") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement of U.S. Patent No. 9,763,851, entitled "Stimulation Device" (the "'851 patent"). A copy of the '851 patent is attached as **Exhibit A**.

**THE PARTIES**

2. Plaintiff Shenzhenshi is a company organized under the laws of China with a place of business at Shop 113, Building D3, Fuyingmen, Zhuangbian Community, Xixiang Street, Bao'an District, Shenzhen, 518100, China.

3. On information and belief, Defendant Novoluto is a company organized under the laws of Germany with a place of business at Am Kupfergraben 6A, Berlin, Germany 10117.

4. On information and belief, Novoluto is the assignee of all rights, title, and interest in the '851 patent.

5. On information and belief, Novoluto does not manufacture or sell any products; rather, Novoluto is a foreign patent assertion entity for the '851 patent.

## BACKGROUND

6. Plaintiff Shenzhenshi sells sexual wellness products under the "QUZAR" brand. Shenzhenshi sells a majority of its sexual wellness products through Amazon.com. The Amazon Standard Identification Number ("ASIN") of its QUZAR 3 IN 1 Thrusting Dildo Vibrator is B0BNHW2VMV (the "Accused Product").

7. On September 4, 2024, Shenzhenshi received an email from Amazon (sent via patent-evaluation@amazon.com) advising that Defendant Novoluto is the owner of the '851 patent and believes ASIN B0BNHW2VMV infringes the '851 patent. The email advises that ASIN B0BNHW2VMV will be removed from Amazon.com within three weeks unless certain action is taken such as filing a lawsuit against the patent owner for declaratory judgment of noninfringement of the '851 patent. Amazon assigned the infringement complaint ID 15958252691.

8. Plaintiff Shenzhenshi, therefore, has a reasonable apprehension, and there exists a reasonable potential, that Defendant Novoluto will file an action against Shenzhenshi and allege that Shenzhenshi infringes the '851 patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Product.

9. Plaintiff Shenzhenshi offers the Accused Product for sale to customers in the United States, including Delaware, and has sold the Accused Product to customers in Delaware.

10. Nearly 100% of Accused Product sales occur on Amazon.com.

11. As a result of the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Accused Product with ASIN B0BNHW2VMV infringes the '851

2

patent.

## JURISDICTION AND VENUE

12. The Court has original subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. §§ 100 et seq., and seeks relief under the Federal Declaratory Judgment Act.

13. Novoluto is subject to specific personal jurisdiction in this District because of its submission of infringement complaint ID 15958252691 on Amazon.com. By submitting complaint ID 15958252691, Novoluto sought to remove the Accused Product with ASIN B0BNHW2VMV from Amazon.com, which would deprive customers in this District of the ability to purchase the Accused Product from Amazon.com as they have before. Nearly 100% of the Accused Product is sold and offered for sale on Amazon.com.

14. Novoluto is also subject to specific personal jurisdiction in this District because it has purposely availed itself of the benefits of Delaware law by pursuing counterclaims of infringement for, *inter alia*, the '851 patent in *EIS, Inc. v. IntiHealth Ger GmbH et al.*, 1:19-cv-1227 (D. Del.). (*See* 1:19-cv-1227 at D.I. 118 (Counterclaim Count I, Infringement of U.S. Patent No. 9,763,851).) Although Novoluto had moved to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) (*see id.* at D.I. 16), Novoluto withdrew the Rule 12(b)(2) grounds for their motion to dismiss thereby purposely availing itself of the benefits of Delaware law. (*See id.* at D.I. 34.)

15. Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Novoluto is subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391(c)(3) because Novoluto is not a resident of the United States and therefore may be sued in

any judicial district.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 9,763,851)

16. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in all previous paragraphs as if fully set forth herein.

17. Novoluto purports to be the owner by assignment of the '851 patent with all right, title, and interest thereto.

18. The '851 patent has eight claims, two of which are independent: claims 1 and 8.

19. Independent claim 1 of the '851 patent recites:

1. A stimulation device for a clitoris, comprising:

a pressure field generator comprising:

a first chamber having a single opening;

a second chamber having first and second openings, the second opening of the second chamber for placing over the clitoris; and

a connection element having a first opening and a separate second opening thereby forming a straight channel connecting the single opening of the first chamber with the first opening of the second chamber;

a drive unit that changes a volume of the first chamber in such a manner that a stimulating pressure field is generated in the second chamber via the connection element; and

a control device that actuates the drive unit; and

a housing enclosing the pressure field generator, the drive unit, and the control device; wherein:

the pressure field generated in the second chamber consists of a pattern of negative and positive pressures modulated with respect to a reference pressure,

the first chamber is connected with the second chamber solely by the connection element,

the stimulation device has no valves,

the stimulation device is a portable hand-held device with a battery,

the connection element is rigid and the first and second openings of the connection element are aligned to one another so that a media flow during a compression of the first chamber is directed to the clitoris through the straight channel with a nozzle effect, and

the second opening of the connection element is configured to face the clitoris through the second chamber.

20. Independent claim 8 recites similar limitations to independent claim 1.

21. The Accused Product does not include every claimed feature of any independent claim in the '851 patent.

22. Therefore, the Accused Product has not infringed and does not infringe the '851 patent.

23. An actual and justiciable controversy therefore exists between Plaintiff and Defendant regarding whether Plaintiff has infringed any claim of the '851 patent.

24. Plaintiff seeks and is entitled to a judgment declaring that they have not infringed and do not infringe, directly or indirectly, any claim of the '851 patent either literally or under the doctrine of equivalents.

25. This is an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to

reimbursement of their attorneys' fees, costs, and expenses from Defendant.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendant as follows:

a. Ordering Defendant to withdraw Amazon complaint ID 15958252691 and to make no further complaints of infringement to Amazon against Plaintiff based on the '851 patent;

b. An order enjoining Defendant and those in privity with Defendant from asserting the '851 patent against Plaintiff and Plaintiff's representatives, agents, affiliates, subsidiaries, vendors, and customers;

c. Declaring that Plaintiff has not and does not directly or indirectly infringe any claim of the '851 patent, either literally or under the doctrine of equivalents;

d. An order declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

e. An award to Plaintiff of its costs and disbursements; and

f. Such other relief to which Plaintiff is entitled under the law and any other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated: September 23, 2024 | RIMON, P.C.<br><br>By: /s/ Zhun Lu<br>Zhun Lu (#4427)<br>200 Continental Drive, Suite 401<br>Newark, DE 19713<br>Telephone/Facsimile: (302) 688-7566<br>zhun.lu@rimonlaw.com |
| OF COUNSEL<br><br>John E. Handy (*pro hac vice* application forthcoming)<br>1765 Greensboro Station Place Tower I, Suite 900<br>McLean, VA 22102<br>Telephone/Facsimile: (703) 559-7360<br>john.handy@rimonlaw.com | |
| | *Attorneys for Plaintiff*<br>*Shenzhenshi Leiming Shangmaozhongxin* |